UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISAAC FOSTER

VERSUS                                              CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                      NUMBER 12-282-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 10, 2012.

                                         /s/ Stephen C. Riedlinger
                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISAAC FOSTER

VERSUS                                          CIVIL ACTION

EAST BATON ROUGE PARISH PRISON          NUMBER 12-282-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

    A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of the plaintiff's Complaint should be dismissed as frivolous because (1) the Complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *See*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). A complaint can be dismissed under 28 U.S.C. § 1915(e)(2) when it is frivolous or fails to state a claim upon which relief can be granted.

    For the reasons which follow, the plaintiff's Complaint should be dismissed as frivolous.

    At the hearing the plaintiff stated the he broke his wrist while he was confined for a parole violation in the East Baton Rouge Parish Prison ("EBRPP") in March 2012. Plaintiff explained that he was exercising in the dormitory with several other inmates

when he fell off a table and landed on his wrist. His wrist hurt immediately, and became swollen later. About 20-30 minutes after the accident he notified a deputy and was taken to the prison infirmary. At the infirmary he was given Tylenol. Two days later he was seen by a doctor. The doctor examined the plaintiff's wrist and sent him to Earl K. Long Hospital ("EKL") a day or two later. At EKL the plaintiff underwent outpatient surgery during which plates and screws were put in his wrist. Plaintiff was later released from confinement at the EBRPP. Plaintiff reported that he still has some stiffness in his wrist and numbness on the palm of his hand, and he returns to EKL for treatment as needed.

Plaintiff sued the EBRPP and the state Department of Corrections ("DOC"). Plaintiff's allegations state no claim under federal law, specifically 42 U.S.C. § 1983, against either defendant. As to the EBRPP, it is not an entity which can be sued under § 1983. Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *Jenkins v. Jefferson Parish*

*Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

But even if the plaintiff had sued the East Baton Rouge Parish sheriff or the prison warden individually, he would still have no viable claim. To be liable under § 1983, a person must either be personally involved in the act causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Neither the warden nor the sheriff, nor any correctional officer or DOC employee, was personally involved in either the accident or the plaintiff's subsequent medical care.

Nor does the plaintiff have any federal claim under the Eighth Amendment against the doctor who treated him at the prison. To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th

---

[1] *See*, e.g., *Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).

4

Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or even medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*. Clearly, based on the information provided by the plaintiff, the doctor who treated him at the EBRPP was not deliberately indifferent to the plaintiff's serious medical needs.

Other than § 1983, there is no apparent basis for this court to exercise subject matter jurisdiction. The court can take judicial notice of the fact that the East Baton Rouge Parish Sheriff is a Louisiana citizen, as is the plaintiff. Consequently there is no diversity of citizenship to satisfy 28 U.S.C. § 1332. And given the plaintiff's injury, it is highly improbable that the amount in controversy required under § 1332, $75,000, is met in this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable non-frivolous claim the plaintiff could allege consistent with the allegations in his Complaint and the information he provided at the *Spears* hearing.

Baton Rouge, Louisiana, September 10, 2012.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE